**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
GUNDERSON AMAZING
FIREWORKS, LLC,

                Plaintiff,

           - against -

MERRICK BANK, MERRICK BANK
MERCHANT SERVICES DIVISION,
CARDWORKS, L.P., and PINNACLE
PROCESSING GROUP, INC.,

                Defendants.
---------------------------------------------------------X
FIREWORKS UNLIMITED, LLC,

                Plaintiff,

           - against -

MERRICK BANK, MERRICK BANK
MERCHANT SERVICES DIVISION,
CARDWORKS, L.P., and PINNACLE
PROCESSING GROUP, INC.,

                Defendants.
---------------------------------------------------------X
KENACO SALES, LLC,

                Plaintiff,

           - against -

MERRICK BANK, MERRICK BANK
MERCHANT SERVICES DIVISION,
CARDWORKS, L.P., and PINNACLE
PROCESSING GROUP, INC.,

                Defendants.
---------------------------------------------------------X
FIREWORKS CENTER 25, LLC,

**REPORT AND
RECOMMENDATION**

CV 12-3869 (JS) (AKT)

CV 12-3871 (JS) (WDW)
(Member Case)

CV 12-3872 (JS) (WDW)
(Member Case)

Plaintiff,

- against -

MERRICK BANK, MERRICK BANK
MERCHANT SERVICES DIVISION,
CARDWORKS, L.P., and PINNACLE
PROCESSING GROUP, INC.,

                                        CV 12-3873 (JS) (WDW)
                                             (Member Case)

Defendants.
----------------------------------------------------------X
LADY LUCKS WHOLESALE & RETAIL
FIREWORKS, LLC,

Plaintiff,

- against -

                                        CV 12-4019 (JS) (WDW)
                                             (Member Case)

MERRICK BANK, MERRICK BANK
MERCHANT SERVICES DIVISION,
CARDWORKS, L.P., and PINNACLE
PROCESSING GROUP, INC.,

Defendants.
----------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.      PRELIMINARY STATEMENT**

Plaintiffs Gunderson Amazing Fireworks, LLC ("GAF"), Fireworks Unlimited, LLC,

Kenaco Sales, LLC, Fireworks Center 25, LLC, and Lady Lucks Wholesale & Retail Fireworks,

LLC (collectively, "Plaintiffs") bring this consolidated action against Defendants Merrick Bank

("Merrick"), Merrick Bank Merchant Services Division ("MMS"), Cardworks, L.P.

("Cardworks"), and Pinnacle Processing Group, Inc. ("Pinnacle") (collectively, "Defendants"),

alleging state law claims arising out of Defendants' performance under merchant agreements

executed by Plaintiffs, Merrick, and Pinnacle.  Plaintiffs filed a Consolidated Amended

Complaint ("CAC") in this action on February 26, 2015. *See* DE 70. That same day, Defendants' counsel of record, Gibbons, P.C. ("Gibbons"), filed a motion to withdraw as counsel record for Pinnacle. *See* DE 71. On March 25, 2015, Judge Seybert granted Gibbons' motion and terminated Gibbons as counsel for Pinnacle. *See* DE 76. Since Gibbons was relieved, no attorney has filed a Notice of Appearance on behalf of Pinnacle and Pinnacle has not otherwise participated in these proceedings.

Plaintiffs filed their Consolidated Second Amended Complaint ("CSAC") against all Defendants on May 8, 2015. *See* DE 82. Plaintiffs thereafter requested a certificate of default against Pinnacle based on, *inter alia*, Pinnacle's failure to answer or otherwise respond to the CSAC. *See* Affirmation in Support of Request for Certificate of Default ("Affirm. for Cert. of Def.") [DE 94], ¶ 10. Following the Clerks' Office notation of default, Plaintiffs moved for the entry of default judgment against Pinnacle pursuant to Fed. R. Civ. P. 55(b). *See generally* Plaintiffs' Notice of Motion for Default Judgment As Against Defendant Pinnacle [DE 98].

Neither Plaintiffs' request for a certificate of default nor their motion papers contain proof that the CSAC was properly served upon Pinnacle. *See generally* DE 94, DE 98. Moreover, in their supplemental submissions filed in support of their motion, Plaintiffs do not address whether Pinnacle was served with the CSAC. Rather, Plaintiffs' supplemental submissions refer to the filing of the CAC and assert that Plaintiffs are entitled to default judgment based on the claims Plaintiffs raised in the CAC. *See generally* Affirmation by Donald E. Creadore, Esq. in Support of Plaintiffs' Motion ("Creadore Supp. Affirm.") [DE 128]; Plaintiffs' Memorandum of Law In Accordance With Court Order Dated December 9, 2015 ("Pls.' Supp. Mem.") [DE 129].

Judge Seybert has referred Plaintiffs' motion for default judgment to this Court for a Report and Recommendation "on whether the pending motion should be granted and, if necessary, to determine the appropriate amount of damages, costs and/or fees to be awarded." DE 99. For reasons explained more fully in this Report and Recommendation, the Court respectfully recommends to Judge Seybert that Plaintiffs' motion for default judgment be DENIED and the Clerk's entry of default be VACATED. The Court further recommends that the denial of Plaintiffs' motion for default judgment be WITHOUT PREJUDICE for Plaintiffs to renew their motion for a default judgment as to the CSAC, upon demonstrating that Pinnacle has been properly served with that pleading, or in the alternative, to seek default judgment as to the CAC.

## II.    BACKGROUND

Plaintiffs commenced these proceedings by filing five separate actions against Defendants. *See Gunderson Amazing Fireworks, LLC v. Merrick Bank et al.*, No. 12-CV-3869; *Fireworks Unlimited, LLC v. Merrick Bank et al.*, No. 12-CV-3871; *Kenaco Sales, LLC v. Merrick Bank et al.*, No. 12-CV-3872; *Fireworks Center 25, LLC v. Merrick Bank et al.*, No. 12-CV-3873; *Lady Lucks Wholesale & Retail Fireworks, LLC v. Merrick Bank et al.*, No. 12-CV-4019. On January 22, 2013, Plaintiffs filed an Amended Complaint in each action asserting the following claims against Defendants under Ohio and Washington state law: (1) breach of agreement; (2) negligence; (3) unfair business practice; (4) duty of good faith; (5) breach of fiduciary duty; and (6) unjust enrichment. *See* DE 26 in 12-CV-3869; DE 16 in 12-CV-3872; DE 16 in 12-CV-3873; DE 19 in 12-CV-3871; DE 15 in 12-CV-4019.

On February 11, 2013, Judge Seybert consolidated these actions under docket number 12-CV-3869 and directed the Clerk of the Court to close the related cases. *See* DE 27.[1] Defendants, who were then represented by Gibbons, *see* DE 7, DE 12, moved in 12-CV-3869 to dismiss the Amended Complaints pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56 on the grounds that the Court lacks subject matter jurisdiction. *See* DE 29.

On September 24, 2013, Judge Seybert issued a Memorandum and Order granting Defendants' motion, in part, and denying the motion, in part. *See* DE 65. Specifically, Judge Seybert (1) denied Defendants' motion to the extent it sought summary judgment for lack of subject matter jurisdiction; (2) otherwise granted Defendants' motion to the extent it sought dismiss the Amended Complaints pursuant to Fed. R. Civ. P. 12(b)(6); (3) dismissed with prejudice Plaintiffs' claims for unjust enrichment under both Washington and Ohio law, and their claims for negligence and breach of the duty of good faith under Ohio law; and (4) dismissed Plaintiffs' remaining claims without prejudice to Plaintiffs' filing a Consolidated Amended Complaint within thirty (30) days of the Memorandum and Order. DE 65 at 18.

On September 26, 2013, Defendants' former counsel Daniel Weinberger ("Attorney Weinberger") filed a letter motion requesting that Judge Seybert stay this action pursuant to 11 U.S.C. § 362 because Pinnacle had recently filed for Chapter 11 bankruptcy in the Western District of Washington ("the Pinnacle bankruptcy"). *See* DE 66. Judge Seybert granted the motion and directed the Clerk of the Court to administratively close the case. *See* DE 67. Nearly 15 months later, Plaintiffs filed a letter motion requesting that this action be reopened on the

---

[1]    Going forward, all "DE" citations refer to docket entries in the lead case, 12-CV-3869.

grounds that, *inter alia*, the Pinnacle bankruptcy had been dismissed. *See* DE 68. Judge Seybert granted Plaintiffs' motion on February 11, 2015 and directed Plaintiffs to file their Consolidated Amended Complaint ("CAC") within twenty (20) days. *See* DE 69. Plaintiffs filed their CAC on February 26, 2015. *See* DE 70.

### A. Withdrawal of Counsel for Pinnacle

On February 26, 2015, Gibbons filed a motion to withdraw as counsel for Pinnacle. *See* DE 71. In his declaration in support of the motion, Attorney Weinberger stated that he had been attempting since August 2014 to reach Pinnacle's principal, Scott Banchero, to inform him that Plaintiffs wished to re-open these actions, but had been unable to reach him. *See* DE 71-1 ¶ 15. Attorney Weinberger further stated that Banchero's Pinnacle-related email address was "defunct," that Pinnacle's business telephone number was "no longer in operation," and that "Banchero's cell phone number has been assigned to a new, unrelated individual." *Id.* Attorney Weinberger included the last-known address he had for Banchero and Pinnacle: 300 Queen Anne Avenue, N, Suite 616 Seattle, Washington 98109. *Id.* ¶ 16.

On March 25, 2015, following a hearing on Gibbons' motion to withdraw as counsel (at which only Attorney Weinberger appeared[2]), Judge Seybert granted the motion "absent any opposition" and terminated Gibbons as counsel for Pinnacle. DE 76. Meanwhile, the law firm Kaplan, Massamillo & Andrews, LLC ("the Kaplan firm") substituted as counsel of record for Merrick, MMS, and Cardworks in place of Gibbons. *See* DE 73.

---

[2] In her order setting a hearing on Gibbons' motion to withdraw as counsel, Judge Seybert directed that Attorney Weinberger and a representative from Pinnacle participate in the hearing. *See* 2/27/15 Elec. Order.

## B.    Filing of the CAC and the CSAC

As noted, Plaintiffs filed their CAC on February 26, 2015, prior to Gibbons being relived as counsel for Pinnacle. *See* DE 70. The CAC asserts three claims against Defendants: (1) breach of agreement; (2) unfair business practice; and (3) breach of fiduciary duty. *See id.*

On April 24, 2015, Plaintiffs' counsel and Daniela Jampel ("Attorney Jampel") of the Kaplan firm appeared before this Court for an Initial Conference. *See* DE 78. At that time, none of the Defendants had answered or otherwise responded to the CAC. Plaintiffs' counsel informed the Court during the conference "his clients wish to amend their pleading one more time to assert an indemnification claim" and "Defendants' counsel is not objecting to that filing." DE 78 ¶ 3. The Court issued the following directives:

> [I]n light of the fact that no response was ever made to the [Consolidated] Amended Complaint, I have directed the parties to enter into a Stipulation, to be filed on ECF by [May 1,] 2015, extending the defendants' time to respond to the existing pleading to May 15, 2015. The Court anticipates, based on the representations of plaintiff's counsel, that The [Consolidated] Second Amended Complaint will be served and filed by May 8, 2015. Once that is accomplished, the extension granted to the defendants will be moot since defendants will then need to answer or move with respect to the new pleading, namely, the [Consolidated] Second Amended Complaint.

*Id.*[3]

During the Initial Conference, Attorney Jampel stated that the Kaplan firm represented Pinnacle in addition to the other defendants. *Id.* ¶ 4. The Court directed Attorney Jampel "to file a Notice of Appearance confirming that fact expeditiously." *Id.* On April 27, 2015, Attorney Jampel filed a letter stating that she had misspoken during the Initial Conference and that the

---

[3]    On April 28, 2015, the parties filed their Stipulation extending the time for Merrick, MMS, and Cardworks to respond to the CAC. DE 80. The Court "so ordered" the Stipulation on April 29, 2015. DE 81.

7

Kaplan firm, in fact, does not in represent Pinnacle "due to a conflict of interest." DE 79. In light of Attorney Jampel's letter, this Court "direct[ed] Plaintiff's counsel to advise the Court about what counsel intends to do regarding Defendant Pinnacle Processing Group, Inc." 4/28/15 Elec. Order.

Prior to responding to the Court's April 28, 2015 Order (but after receiving Attorney Jampel's letter that the Kaplan firm did not represent Pinnacle), Plaintiffs filed the CSAC on May 8, 2015. *See* DE 82. In addition to the three claims previously asserted in the CAC – breach of agreement, unfair business practice, and breach of fiduciary duty – the CSAC asserts two new claims against all Defendants: indemnification and negligent performance of a contract under Washington law. CSAC ¶¶ 54-70. On May 28, 2015, Merrick, MMS, and Cardworks filed an Answer to the CSAC as well as a Counterclaim against Plaintiffs and three new parties. *See* DE 86. Pinnacle has not answered, moved, or otherwise responded to the CSAC.

### C.    Plaintiffs' Motion for Default Judgment

On May 11, 2015, Plaintiffs' counsel filed a letter to this Court seeking, *inter alia*, permission to move for a default judgment against Pinnacle "at a later date or, alternatively, upon the Court's direction." DE 84. This Court granted the relief requested in Plaintiffs' letter to the extent of permitting Plaintiffs "[to] raise the issue of entering judgment against Pinnacle . . . with Judge Seybert. Alternatively, the Plaintiffs can withdraw their claims against [Pinnacle]." 5/12/15 Elec. Order. On June 11, 2015, Plaintiffs' counsel filed a letter to Judge Seybert requesting, *inter alia*, permission to move for entry of default judgment against Pinnacle. *See* DE 91. Judge Seybert granted Plaintiffs' application on June 12, 2015. *See* 6/12/15 Elec. Order.

Plaintiffs thereafter filed a request for certificate of default based on Pinnacle's "failure to plead or otherwise defend this action." *See* DE 94. In support of their request, Plaintiffs' counsel submitted an affirmation stating that (1) Pinnacle had failed to appear for the hearing on Gibbons' motion to withdraw as counsel "without explanation or excuse"; (2) Pinnacle had not filed an answer or otherwise responded to the CSAC, which Plaintiffs filed on May 8, 2015; and (3) Pinnacle's time to answer or respond to the CSAC "ha[d] expired and Pinnacle has not sought an extension of time to do so." Affirm. for Cert. of Def. ¶¶ 8-12. According to counsel, the foregoing information established that "Pinnacle (i) has failed to appear after reopening this matter, (ii) has dismissed counsel without an appointed replacement, and (iii) has abandoned an active defense." *Id.* ¶ 12. The Clerk of the Court issued the certificate of default on July 14, 2015. *See* DE 97.

On July 15, 2015, Plaintiffs moved for the entry of default judgment against Pinnacle. *See* DE 98. As with their request for a certificate of default, Plaintiffs based their application for default judgment on, *inter alia*, Pinnacle's failure to answer or otherwise respond to the CSAC, and its failure to participate in these proceedings since Gibbons was relieved as counsel. *See* Affidavit by Donald Creadore in Support ("Creadore Aff.") [DE 98-1] ¶¶ 11-13. Although Plaintiffs noted that Pinnacle had been properly served with the original Summons and Complaints in the individual actions (prior to consolidation), Plaintiffs did not indicate in their submissions whether the CSAC was served upon Pinnacle. *See* Plaintiffs' Memorandum of the Law In Support of Motion for Entry of Default Judgment [DE 98-2] ("Pls.' Mem."), at 2-3.

Judge Seybert thereafter referred Plaintiffs' motion for default judgment to this Court for a Report and Recommendation "on whether the pending motion should be granted and, if

necessary, to determine the appropriate amount of damages, costs and/or fees to be awarded."
DE 99.  On December 21, 2015, this Court issued an Order directing Plaintiffs to provide
additional documentary support for the relief requested in their motion.  *See* DE 121.
Specifically, the Court directed Plaintiffs to submit, among other things, "[p]roof of service of
the Amended Complaint on Pinnacle Processing Group, Inc."  *Id.* at 2.

In response to the Court's December 21, 2015 Order, Plaintiffs submitted, *inter alia*, a
copy of the CAC and proof that this pleading was electronically filed on February 26, 2015.  *See*
DE 128-4; *see also* Creadore Supp. Affirm. ¶ 5.  Plaintiffs also filed a supplemental
memorandum of law in which they argued, as relevant here, that they were entitled to the entry
of default judgment on the "three causes of action" asserted in the CAC.  Pls.' Supp. Mem. at 2;
*see id.* at 2-4.  Plaintiffs' supplemental submissions do not address whether they served the
CSAC upon Pinnacle or whether Plaintiffs are, in fact, seeking a default judgment based on that
pleading.

## III.   LEGAL STANDARDS

### A.   Default Judgment

Fed. R. Civ. P. 55 establishes a two-step process for obtaining a judgment against the
defaulting party.  *See Priestley v. Headminder, Inc.*, 647 F.3d 497, 504–05 (2d Cir. 2011); *City of
N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011).  First, a plaintiff must
obtain a notation of default.  Under Fed. R. Civ. P. 55(a), the Clerk of Court must enter a
notation of default "[w]hen a party against whom judgment for affirmative relief is sought has
failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R.

Civ. P. 55(a).  Rule 55.1 of the Local Civil Rules of the United States District Courts for the

Eastern and Southern Districts of New York ("Local Civil Rule 55.1") provides that:

> A party applying for a certificate of default by the clerk pursuant to
> Federal Rule of Civil Procedure 55(a) shall submit an affidavit
> showing (1) that the party against whom a notation of default is
> sought is not an infant, in the military, or an incompetent person;
> (2) that the party has failed to plead or otherwise defend the action;
> and (3) that the pleading to which no response has been made was
> properly served.

Local Rule 55.1.  Second, upon obtaining a notation of default, "a plaintiff must next seek a

judgment by default under Rule 55(b)."  *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

"Rule 55(b)(1) allows the clerk to enter a default judgment if the plaintiff's claim is for a sum

certain and the defendant has failed to appear.  In all other cases Rule 55(b)(2) governs.  It

requires a party seeking a judgment by default to apply to the court for entry of a default

judgment."  *Priestley*, 647 F.3d at 504–05; *see also* Rule 55(b).

The decision to grant a motion for default judgment is left to the sound discretion of the

district court.  *See Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found.

Contrs. Inc.*, 699 F.3d 230, 233 (2d Cir. 2012) ("Rule 55(b) commits this decision to the sound

discretion of the district court.") (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 88 (2d Cir. 2009));

*Palmieri v. Town of Babylon*, 277 F. A'ppx 72, 74 (2d Cir. 2008) (summary order); *Shah v. New

York State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) ("The dispositions of motions

for entries of defaults and default judgments . . . are left to the sound discretion of a district court

because it is in the best position to assess the individual circumstances of a given case and to

evaluate the credibility and good faith of the parties.") (internal quotations omitted).  "The

Second Circuit has warned that default judgment is an extreme remedy that should be used only

when the need to move a case forward expeditiously trumps a party's right to be heard before a court of law." *Liberty Mut. Ins. Co. v. Fast Lane Car Serv., Inc.*, 681 F. Supp. 2d 340, 346 (E.D.N.Y. 2010) (citing *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981)); *Allstate Ins. Co. v. Yadgarov*, No. 11-CV-6187, 2014 WL 860019, at *5 (E.D.N.Y. Mar. 5, 2014) (stating that "[c]ourts should be cautious when determining whether to grant a default judgment because it is an extreme remedy that should only be granted as a last resort" and collecting cases). "Thus, in light of the 'oft-stated preference for resolving disputes on the merits,' defaults are 'generally disfavored' and doubts should be resolved in favor of the defaulting party." *La Barbera v. Fed. Metal & Glass Corp.*, 666 F. Supp. 2d 341, 347 (E.D.N.Y. 2009) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993)); *Liberty Mut. Ins. Co.*, 681 F. Supp. at 346 (same). "Accordingly, just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." *Liberty Mut. Ins. Co.*, 681 F. Supp. 2d at 346 (citing *Erwin DeMarino Trucking Co. v. Jackson*, 838 F.Supp. 160, 162 (S.D.N.Y. 1993) (noting that courts must "supervise default judgments with extreme care to avoid miscarriages of justice")); *La Barbera*, 666 F. Supp. 2d at 347 (same); *see Hernandez v. Alpine Logistics, LLC*, No. 08-CV-6254, 2013 WL 6153191, at *1 (W.D.N.Y. Nov. 22, 2013) ("The law is clear that a defendant's failure to appear and the Clerk's subsequent entry of default against it do not automatically entitle plaintiff to a default judgment.") (internal quotation marks and citations omitted). "[A]n understandable zeal for a tidy, reduced calendar of cases should not overcome a court's duty to do justice in the particular case." *Enron Oil Corp.*, 10 F.3d at 96 (stating that in considering a motion to vacate a default, any "doubt should be resolved in favor of the defaulting party").

### B.    Service of an Amended Pleading on a Defaulting Defendant

Pursuant to Fed. R. Civ. P. 5(a)(1)(B), service of a pleading filed after the original complaint is generally required "unless the court orders otherwise under Rule 5(c) because there are numerous defendants."  However, Fed. R. Civ. P. 5(a)(2) contains an exception that "[n]o service is required on a party who is in default for failing to appear," unless the amended pleading "asserts a new claim for relief against such a party."  Fed. R. Civ. P. 5(a)(2); *see Yadgarov*, 2014 WL 860019, at *6.  If the amended pleading asserts a new claim for relief against the party who has failed to appear, then the amended pleading "must be served on that party under Rule 4."  Fed. R. Civ. P. 5(a)(2); *see Gesualdi v. Reid*, No. CV 14-4212, 2015 WL 5476051, at *3 (E.D.N.Y. Aug. 12, 2015) *report and recommendation adopted in part, rejected in part*, 2015 WL 5476056 (E.D.N.Y. Sept. 16, 2015).  "For the purposes of Fed. R. Civ. P. 5(a)(2), a party has failed to appear if it does not appear within the time proscribed for answering or otherwise responding to the complaint; no entry of default by the clerk is required." *Yadgarov*, 2014 WL 860019, at *6.

## IV.    DISCUSSION

In their motion, Plaintiffs request a default judgment against Pinnacle based on the relief sought in the CSAC.  *See* Creadore Aff. ¶¶ 11-13; Pls.' Mem. at 3.  Under Fed. R. Civ. P. 5(a)(2), a pleading which asserts a new claim for relief against a party who has failed to appear must be served on that party pursuant to Fed. R. Civ. P. 4.  Fed. R. Civ. P. 5(a)(2); *see Yadgarov*, 2014 WL 860019, at *6.  Here, the CSAC adds two new claims against Pinnacle:  Plaintiffs' fourth cause of action for indemnification and fifth cause of action for negligent performance of a contract under Washington state law.  *See* CSAC ¶¶ 54-70.  Accordingly, Plaintiffs were

required to serve the CSAC upon Pinnacle pursuant to Fed. R. Civ. P. 4[4] even if Pinnacle was in default for failing to answer the CAC or otherwise defending this action. *See* Fed. R. Civ. P. 5(a)(2); *Gesualdi*, 2015 WL 5476051, at *4.

Here, Plaintiffs have not demonstrated that they "satisfied the procedural prerequisites for default judgment." *Gesualdi*, 2015 WL 5476051, at *4. When Plaintiffs requested a certificate of default against Pinnacle, they did not provide proof that Pinnacle was properly served with the CSAC, in contravention of Local Rule 55.1. *See* DE 94. Nor have Plaintiffs included proof of such service with their motion for a default judgment. *See* DE 98, DE 125-DE 129. A default is considered an admission of liability on all well-pleaded factual allegations in the complaint, *see, e.g.*, *Cement & Concrete Workers*, 699 F.3d at 234, and a district court therefore "must ensure that the defaulting defendants received notice of the claims against them and were provided an opportunity to answer those allegations" before entering default judgment. *Johannes Baumgartner Wirtschafts-Und Vermogensberatung GmbH v. Salzman*, 969 F. Supp. 2d 278, 287 n.6 (E.D.N.Y. 2013) (internal citation omitted); *accord Klimchak v. Cardrona, Inc.*, No. 09-CV-4311, 2014 WL 3778964, at *5 (E.D.N.Y. July 31, 2014). Plaintiffs have provided no proof that

---

[4]       Fed. R. Civ. P. 4 provides that a domestic corporation may be served in a United States judicial district in two ways. First, service may be effected

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(B). Second, service may be effected by following "state law for serving a summons in an action . . . in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1); *see* Fed. R. Civ. P. 4(h)(1)(A). Under New York law, service of process can be made on an authorized foreign corporation by two methods: "[s]ervice of process on the secretary of state as agent of a domestic or authorized foreign corporation" under N.Y. B.C.L. § 306, or upon personal delivery to any of the corporate representatives listed in N.Y. C.P.L.R. § 311(a)(1).

they properly served the CSAC upon Pinnacle and, as a consequence, the Court cannot ensure that Pinnacle received notice of the new claims raised in that pleading.[5] *See generally Blair v. City of Worcester*, 522 F.3d 105, 109 (1st Cir. 2008) (stating that the purpose of Fed. R. Civ. P. 5(a)(2) is to "ensure[ ] that a [defaulting] party, having been served, is able to make an informed decision not to answer a complaint without fearing additional exposure to liability for claims raised only in subsequent complaints that are never served"). Accordingly, because Plaintiffs have not shown that they properly served Pinnacle with the CSAC, "the procedural prerequisites of Rule 55 are not satisfied" and Plaintiffs' motion for a default judgment should be denied. *See Gesualdi*, 2015 WL 5476051, at *4 (recommending that the plaintiff's motion for default judgment be denied without prejudice where the plaintiff "failed to submit adequate proof that [the defendant] was properly served with the amended complaint" as required under Fed. R. Civ. P. 5(a)(2)).[6]

Without addressing their failure to provide proof that they served Pinnacle with the CSAC, Plaintiffs assert that a default judgment is warranted because, *inter alia*, Pinnacle (1) has

_____

[5]    The Court further notes that Plaintiffs did not append the CSAC as an exhibit to their request for a certificate of default, their motion for default judgment, or their supplemental submissions on that motion. Although Plaintiffs served a copy of these filings by mail to Pinnacle's last-known address in Seattle, Washington, *see, e.g.,* DE 98-3, there is no indication that Pinnacle was mailed a copy of the CSAC.

[6]    In *Gesualdi*, Judge Spatt adopted Magistrate Judge Brown's Report and Recommendation ("R&R") to the extent it recommended dismissing the plaintiffs' motion for default judgment, without prejudice, based on plaintiffs' failure to properly serve the defaulting defendant with the amended complaint pursuant to Fed. R. Civ. P. 5(a)(2). *See* 2015 WL 5476056, at *2-*3. However, Judge Spatt found good cause existed to extend the time for service of the amended complaint *nunc pro tunc* based on the plaintiffs' representations that they had effectuated proper service of the amended complaint upon the defendant after they received the R&R. *See id.* at *3-*4. Having determined that the defendant was in default for having failed to timely answer or otherwise respond to the amended complaint after it had been properly served, Judge Spatt declined to adopt Magistrate Judge Brown's recommendation to vacate the Clerk's entry of default and granted the plaintiffs leave to renew their motion for a default judgment within thirty days. *See id.* at *4.

15

failed to appear since this matter was reopened, (2) has not retained new counsel since Gibbons was relieved on March 25, 2015, and (3) has otherwise failed to maintain an active defense of this action. *See* Creadore Aff. ¶¶ 11-13. It is well settled that "[a] corporate defendant's failure to obtain counsel is a failure to 'otherwise defend' under Rule 55 because a corporation cannot proceed *pro se*." *Mt. Hawley Ins. Co. v. Liberato*, No. 07-CV-4368, 2010 WL 2653326, at *2 (E.D.N.Y. June 25, 2010) (citing *Shapiro, Bernstein & Co. v. Continental Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967); *SEC v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir. 1975) ("It is settled law . . . where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55.")); *see, e.g.*, *Maersk Line v. Phoenix Agro-Indus. Corp.*, No. CV-07-3169, 2009 WL 1505281, at *2 (E.D.N.Y. May 27, 2009) ("Because a corporation cannot proceed *pro se*, . . . a corporate defendant's failure to obtain counsel is a failure to 'otherwise defend' under Rule 55(a).") (internal citations omitted). However, a motion for default judgment based on a corporate defendant's failure to retain counsel and "otherwise defend" an action should be granted only upon the plaintiff's "compliance with all other provisions of . . . Rule [55]." *Jackson v. Computer Confidence, Inc.*, No. 09-CV-6057, 2010 WL 3489032, at *2 n.1 (W.D.N.Y. Sept. 2, 2010) (acknowledging "the well-settled rule that a corporation cannot appear other than by its attorney" but denying the motion for default judgment where "no certificate of service was provided evidencing that Defendant has been given notice of Plaintiffs' default judgment application, as required by Rule 55(b)(2)"). As explained, because Plaintiffs have not shown that the CSAC was properly served upon Pinnacle pursuant to Fed. R. Civ. P. 5(a)(2), they have not complied with the procedural prerequisites of Rule 55. *See Gesualdi*, 2015 WL 5476051, at *4. The Court further points out

that Plaintiffs were aware at the time they filed the CSAC on May 8, 2015 that Gibbons had been relieved as counsel for Pinnacle and that new counsel had not appeared on Pinnacle's behalf. *See* DE 76, DE 79, DE 82; *see also Jackson*, 2010 WL 3489032, at *2 (denying motion for default judgment where "[t]here is no proof in the record that the instant motion was served upon Defendant itself in accordance with Rule 55, since it is no longer represented by that attorney, a fact that is known to Plaintiffs"). While Pinnacle may be in default for failing to retain new counsel to represent it in this action, Plaintiffs were still required to serve the CSAC upon Pinnacle prior to seeking a default judgment on that pleading. *See generally* Fed. R. Civ. P. 5(a)(2); *Goossens v. Wade*, No. 08-CV-446, 2010 WL 2649882, at *2 (W.D.N.Y. June 29, 2010) ("It is basic that in order for a default judgment to be taken against a defendant, a plaintiff must show that the defendant has been served . . . . ").

Finally, in their supplemental submissions in support of their motion, Plaintiffs appear to indicate that they are seeking a default judgment based on the claims asserted in the ***CAC***, *see* Pls.' Supp. Mem. at 2-4, when in their moving papers, Plaintiffs request a default judgment based on the relief sought in the ***CSAC***, *see* Creadore Aff. ¶¶ 11-13. It is unclear to the Court whether Plaintiffs' supplemental submissions merely reflect their attempt to comply with the Court's December 9, 2015 Order,[7] or if Plaintiffs are, in fact, requesting that the Court treat their motion for default judgment as being made on the CAC, rather than the CSAC. The Court notes that "[a]t least one court in this District has held that different defendants may be held to different complaints where a plaintiff does not serve amended pleadings on all defendants."

---

[7] In its December 9, 2015 Order, the Court directed Plaintiffs to provide "[p]roof of service of the Amended Complaint on Pinnacle Processing Group, Inc." DE 121 at 2. The Court intended for Plaintiffs to provide proof of service of the amended pleading referenced in their request for a certificate of default and their motion for a default judgment – *i.e.*, the CSAC. *See* DE 94, DE 98.

*OneWest Bank FSB v. Joam LLC*, No. 10-CV-1063, 2012 WL 1040827, at *1 (E.D.N.Y. Mar. 28, 2012) (citing *Finkel v. Hall-Mark Elec. Supplies Corp.*, No. 07-CV-2376, 2009 WL 3401747, at *2-*4 (E.D.N.Y. Oct. 21, 2009)); *see Finkel*, 2009 WL 3401747, at *3 ("[T]he Second Circuit has found that there is nothing improper about holding one defendant in default of one complaint and other defendants liable on later complaints. . . . Otherwise, a plaintiff might be unable to obtain judgment against a defendant who, although properly served with the original complaint, evades service of an amended complaint.") (citing *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 n.3 (2d Cir. 1977) ("It is immaterial that [the plaintiff] is proceeding against certain other defendants on the amended complaint, since they have been properly served with that complaint.")); *see also Yadgarov*, 2014 WL 860019, at *10 ("Ultimately, *Finkel* simply reiterates the holding of *Vesco* that when FRCP 5(a) requires service, an amended pleading is not operative until it is served. In *Finkel*, the courts believed service to be required by FRCP 5(a), and as service was not completed, the amended pleading never became operative [as to the defaulting defendant].").

In any event, it would be inappropriate for the Court to deem Plaintiffs' motion for default judgment as being made on the CAC when Plaintiffs' moving papers state that they are seeking default judgment on the CSAC. *See Yadgarov*, 2014 WL 860019, at *13 (declining to deem the plaintiffs' motion for default judgment as being made on the second amended complaint, rather than the original complaint, and stating that "such a procedural shortcut would be inappropriate in the context of a motion for default judgment"). "[D]ue process requires providing clarity to defaulting defendants as to which pleading, if any, they have defaulted on, so that they may properly contest the default, should they so choose." *Id.* at *11 (citing *Rock v. Am.*

*Exp. Travel Related Servs. Co., Inc.*, No. 08-CV-853, 2008 WL 5382340, at *1 (N.D.N.Y. Dec. 17, 2008)).  As Magistrate Judge Scanlon explained in *Yadgarov*:

> The procedure outlined in the Federal Rules for obtaining a default judgment thus serves twin goals of providing defendants with due process and conserving judicial resources, but when in doubt, the issue must be resolved in favor of ensuring due process. . . . Rather than elevating form over substance, a strict adherence to procedural requirements respects the Court's preference for deciding cases on their merits and serves the [p]arties' best interests.  In addition to the due process concerns discussed above, all [p]arties and the Court benefit from carefully adhering to the Federal Rules in this context, thereby avoiding later litigation challenging a default on a procedural abnormality.  In this case, the Court is doubtful that refiling their request[] for entry of default and refiling the motion for default judgment would cause any real burden to Plaintiffs, as these documents are already drafted, and can be modified and uploaded to ECF with relative ease.

*Id.* at *13.

Based on the foregoing analysis, the Court respectfully recommends to Judge Seybert that Plaintiffs' motion for default judgment be DENIED and the Clerk's entry of default be VACATED.  The Court further recommends that the denial of Plaintiffs' motion for default judgment be WITHOUT PREJUDICE for Plaintiffs to renew their motion for a default judgment as to the CSAC, upon demonstrating that Pinnacle has been properly served with that pleading, or in the alternative, to seek default judgment as to the CAC.  *See Gesualdi*, 2015 WL 5476051, at *4 (recommending that the denial of plaintiffs' motion for default judgment be without prejudice to the plaintiffs refiling their motion after proper service of the amended complaint or, in the alternative, to seek default judgment as to the original complaint) (citing *Yadgarov*, 2014 WL 860019, at *6; *Bricklayers and Allied Craftworkers Local Union No. 3 v. Palomino*, No. C–

09–01589, 2010 WL 2219595, at *5, *5 n.8 (N.D. Cal. 2010)); *see also Finkel*, 2009 WL 3401747, at *2-*4.

## V.     CONCLUSION

Accordingly the Court respectfully recommends to Judge Seybert that Plaintiffs' motion for default judgment be DENIED and the Clerk's entry of default be VACATED. The Court further recommends that the denial of Plaintiffs' motion for default judgment be WITHOUT PREJUDICE for Plaintiffs to renew their motion for a default judgment as to the CSAC, upon demonstrating that Pinnacle has been properly served with that pleading, or in the alternative, to seek default judgment as to the CAC.

## VI.     OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court via ECF. A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Joanna Seybert, and to the Chambers of the undersigned. Any requests for an extension of time for filing objections must be directed to Judge Hurley prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Beverly v. Walker,* 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied,* 522 U.S. 883, 118 S.Ct. 211, 139 L.Ed.2d 147 (1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

**Plaintiffs' counsel is directed to serve a copy of this Report and Recommendation upon Pinnacle Processing Group forthwith by overnight mail and first class mail and to file proof of such service on ECF.**

**SO ORDERED.**

Dated: Central Islip, New York
       February 19, 2016

/s/ A. Kathleen Tomlinson
A.  KATHLEEN TOMLINSON
U.S. Magistrate Judge
