```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
GUNDERSON AMAZING FIREWORKS, LLC,

                    Plaintiff,

        -against-                              MEMORANDUM & ORDER
                                               12-CV-3869(JS)(AKT)
MERRICK BANK, MERRICK BANK
MERCHANT SERVICES DIVISION,
CARDWORKS, L.P., AND PINNACLE
PROCESSING GROUP, INC.,

                    Defendants.
----------------------------------------X
FIREWORKS UNLIMITED, LLC,

                    Plaintiff,

        -against-                              12-CV-3871(JS)(WDW)
                                                  (Member case)
MERRICK BANK, MERRICK BANK
MERCHANT SERVICES DIVISION,
CARDWORKS, L.P., AND PINNACLE
PROCESSING GROUP, INC.,

                    Defendants.
----------------------------------------X
KENACO SALES, LLC,

                    Plaintiff,

        -against-                              12-CV-3872(JS)(WDW)
                                                  (Member case)
MERRICK BANK, MERRICK BANK
MERCHANT SERVICES DIVISION,
CARDWORKS, L.P., AND PINNACLE
PROCESSING GROUP, INC.,

                    Defendants.
----------------------------------------X
```

```
------------------------------------X
FIREWORKS CENTER 25, LLC,

                          Plaintiff,

        -against-                        12-CV-3873(JS)(WDW)
                                              (Member case)
MERRICK BANK, MERRICK BANK
MERCHANT SERVICES DIVISION,
CARDWORKS, L.P., AND PINNACLE
PROCESSING GROUP, INC.,

                          Defendants.
------------------------------------X
LADY LUCKS WHOLESALE & RETAIL
FIREWORKS, LLC,

                          Plaintiff,

        -against-                        12-CV-4019(JS)(WDW)
                                              (Member case)
MERRICK BANK, MERRICK BANK
MERCHANT SERVICES DIVISION,
CARDWORKS, L.P., AND PINNACLE
PROCESSING GROUP, INC.,

                          Defendants.
------------------------------------X
```

APPEARANCES
For Plaintiffs:    Donald E. Creadore, Esq.
                   The Creadore Law Firm
                   305 Broadway, 14th Floor
                   New York, NY 10007


For Defendants:    Daniel Seth Weinberger, Esq.
                   Mark W. Stoutenburg, Esq.
                   Gibbons P.C.
                   One Pennsylvania Plaza
                   New York, NY 10119

SEYBERT, District Judge:

Pending before the Court is Magistrate Judge A. Kathleen Tomlinson's Report and Recommendation ("R&R"), recommending that

this Court deny Plaintiff's motion for a default judgment and vacate the Clerk's entry of default. (Docket Entry 133.) For the following reasons, the Court ADOPTS Judge Tomlinson's R&R in its entirety.

BACKGROUND

This consolidated action was commenced by plaintiffs Gunderson Amazing Fireworks, LLC, Fireworks Unlimited, LLC, Kenaco Sales, LLC, Fireworks Center 25, LLC, and Lady Lucks Wholesale & Retail Fireworks, LLC ("Plaintiffs") against defendants Merrick Bank, Merrick Bank Merchant Services Division, Cardworks, L.P., and Pinnacle Processing Group, Inc. ("Pinnacle"). Plaintiffs filed a Consolidated Amended Complaint ("CAC") in this action on February 26, 2015, asserting claims against Defendants for (1) breach of agreement, (2) unfair business practices, (3) and breach of fiduciary duty. (R&R at 7.)

On March 25, 2015, Pinnacle's attorney was granted leave to withdraw. (R&R at 6.) Since that time, no attorney has appeared on Pinnacle's behalf and Pinnacle has not participated in this case. On May 8, 2015 Plaintiffs filed a Consolidated Second Amended Complaint ("CSAC"), which asserts two new claims against Defendants. (R&R at 8.) While there is no dispute that the CAC was served upon Pinnacle, it is unknown whether the CSAC was properly served upon Pinnacle.

On July 15, 2015, Plaintiffs moved for entry of default judgment against Pinnacle. (Docket Entry 98.) On July 21, 2015, the undersigned referred Plaintiff's motion to Judge Tomlinson for an R&R on whether the motion should be granted. (Docket Entry 99.) On February 19, 2016, Judge Tomlinson issued her R&R. (Docket Entry 133.) The R&R recommends that the Court deny Plaintiffs' motion for default judgment without prejudice and vacate the Clerk's entry of default. (R&R at 20.) Judge Tomlinson reasons that Plaintiffs are not entitled to a default judgment because they failed to indicate whether they properly served Pinnacle with the CSAC, and thus failed to show that Pinnacle received notice of the new claims asserted in the CSAC. (R&R at 14.) However, Judge Tomlinson recommends that the denial of Plaintiffs' motion for a default judgment be without prejudice so that Plaintiffs can "renew their motion for a default judgment as to the CSAC, upon demonstrating that Pinnacle has been properly served with that pleading, or in the alternative, seek [a] default judgment as to the CAC." (R&R at 19.)

Plaintiffs did not file objections to Judge Tomlinson's R&R. Instead, four days after Judge Tomlinson issued her R&R, Plaintiffs filed a motion for judgment on the pleadings seeking a new certificate of default. (Docket Entry 138.) In that motion, Plaintiffs claim that "[a] copy of the CSAC, together with another copy of the CAC, was served upon Pinnacle directly on December 11,

4

2015." (Pl.'s Br., Docket Entry 138, ¶ 10.) However, Plaintiffs' certificate of service states that Plaintiffs mailed copies of the CSAC and CAC to Pinnacle's last known address. (See Docket Entry 137.)

DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived. Upon careful review and consideration, the Court finds Judge Tomlinson's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

In addition, the Court finds that Plaintiff's motion for judgment on the pleadings (Docket Entry 138) is premature in light of the fact that Plaintiffs have not shown that they properly served the CSAC on Pinnacle. As Judge Tomlinson noted in her R&R, Federal Rule of Civil Procedure 5(a)(2) requires Plaintiffs to serve the CSAC pursuant to Federal Rule of Civil Procedure 4. (See

R&R at 14.)  Thus, merely mailing a copy of the CSAC to Pinnacle did not constitute proper service.  See Llolla v. Karen Gardens Apartment Corp., No. 12-CV-1356, 2016 WL 233665, at *5 (E.D.N.Y. Jan. 20, 2016) ("A corporation may be served either by 'following state law' or by 'delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.' (quoting FED. R. CIV. P. 4(h), 4(e)(1))); see also N.Y. C.P.L.R. § 311.  Therefore, Plaintiff's motion for judgment on the pleadings is DENIED WITHOUT PREJUDICE.

## CONCLUSION

For the foregoing reasons, Judge Tomlinson's R&R (Docket Entry 133) is ADOPTED in its entirety, Plaintiff's motion seeking a default judgment (Docket Entry 98) is DENIED WITHOUT PREJUDICE, and the Clerk of the Court is directed to VACATE the Clerk's entry of default.  Plaintiffs may renew their motion for default as to the CSAC upon demonstrating that Pinnacle has been properly served with the CSAC.  In the alternative, Plaintiffs may seek a default judgment solely as to the CAC, which was already served upon Pinnacle.  In addition, Plaintiff's motion for judgment on the pleadings (Docket Entry 138) is DENIED WITHOUT PREJUDICE.

SO ORDERED.

Dated: March __31__, 2016   /s/ JOANNA SEYBERT_____
Central Islip, New York     Joanna Seybert, U.S.D.J.