```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
GUNDERSON AMAZING FIREWORKS, LLC,

                    Plaintiff,

        -against-                           MEMORANDUM & ORDER
                                            12-CV-3869(JS)(AKT)
MERRICK BANK, MERRICK BANK
MERCHANT SERVICES DIVISION,
CARDWORKS, L.P., AND PINNACLE
PROCESSING GROUP, INC.,

                    Defendants.
----------------------------------------X
FIREWORKS UNLIMITED, LLC,

                    Plaintiff,

        -against-                           12-CV-3871
                                            (Member case)
MERRICK BANK, MERRICK BANK
MERCHANT SERVICES DIVISION,
CARDWORKS, L.P., AND PINNACLE
PROCESSING GROUP, INC.,

                    Defendants.
----------------------------------------X
KENACO SALES, LLC,

                    Plaintiff,

        -against-                           12-CV-3872
                                            (Member case)
MERRICK BANK, MERRICK BANK
MERCHANT SERVICES DIVISION,
CARDWORKS, L.P., AND PINNACLE
PROCESSING GROUP, INC.,

                    Defendants.
----------------------------------------X
```

```
------------------------------------------X
FIREWORKS CENTER 25, LLC,

                         Plaintiff,

        -against-                              12-CV-3873
                                               (Member case)
MERRICK BANK, MERRICK BANK
MERCHANT SERVICES DIVISION,
CARDWORKS, L.P., AND PINNACLE
PROCESSING GROUP, INC.,

                         Defendants.
------------------------------------------X
LADY LUCKS WHOLESALE & RETAIL
FIREWORKS, LLC,

                         Plaintiff,

        -against-                              12-CV-4019
                                               (Member case)
MERRICK BANK, MERRICK BANK
MERCHANT SERVICES DIVISION,
CARDWORKS, L.P., AND PINNACLE
PROCESSING GROUP, INC.,

                         Defendants.
------------------------------------------X
APPEARANCES
For Plaintiffs:     Donald E. Creadore, Esq.
                    The Creadore Law Firm
                    305 Broadway, 14th Floor
                    New York, NY 10007

For Defendants:     Daniel Seth Weinberger, Esq.
                    Mark W. Stoutenburg, Esq.
                    Gibbons P.C.
                    One Pennsylvania Plaza
                    New York, NY 10119
```

SEYBERT, District Judge:

This consolidated action was commenced by plaintiffs Gunderson Amazing Fireworks, LLC, Fireworks Unlimited, LLC, Kenaco Sales, LLC, Fireworks Center 25, LLC, and Lady Lucks Wholesale &

Retail Fireworks, LLC ("Plaintiffs") against defendants Merrick Bank, Merrick Bank Merchant Services Division, Cardworks, L.P., and Pinnacle Processing Group, Inc. (together, "Defendants"). Plaintiffs filed their Second Amended Complaint ("SAC") on May 8, 2015, asserting claims against Defendants for (1) breach of contract, (2) breach of fiduciary duty, (3) indemnification, and (4) negligent performance. (SAC, Docket Entry 82.) Pending before the Court is a motion filed by individuals Sandra Kueck, Kent Herzog, and Monty Kapchinsky (the "Movants") to dismiss a counterlcaim for breach of contract which Defendants asserted against the Movants in their Answer to the SAC. (Docket Entry 109.) For the reasons that follow, the Movants' motion is DENIED.

BACKGROUND

Plaintiffs are either retailers or wholesalers of consumer fireworks. (SAC ¶ 13.) In 2010, Plaintiffs separately entered into Merchant Agreements with Defendants to have Defendants process their credit card transactions. (SAC ¶ 14.) "For a period of time, the business relationship . . . between the parties proceeded without incident." (SAC ¶ 22.) In April 2012, however, customers began complaining that their credit cards had been double-charged and triple-charged for purchases. (SAC ¶ 24.) This unauthorized activity began to occur at the same time that nonparty Jetpay LLC started to perform processing services on behalf of Defendants in March 2012. (SAC ¶ 23.) Plaintiffs claim

3

that by allowing their customers to be repeatedly charged for purchases, Defendants materially breached the Merchant Agreements. (SAC ¶ 25.) In addition, Plaintiffs claim that the number of times this occurred was "inexcusable" and "cannot be ascribed to mere negligence." (SAC ¶ 25.)

On May 28, 2015, Defendants filed an Answer to the SAC and asserted counterclaims against Plaintiffs. (Answer, Docket Entry 85, at 12.) Defendants explain in their Answer that when Plaintiffs' customers complained about unauthorized credit card activity, the customers' banks issued a "chargeback, or a debit, through the electronic payment system, causing the funds constituting the Duplicative Charge to be automatically deducted from Merrick's (i.e. the acquiring Bank's) account." (Answer at 15, ¶ 16.) Defendants claim that, under ordinary circumstances, "the debit would have continued to flow downstream to Plaintiffs and the net amount of the Duplicative Charges . . . would have been debited from the Plaintiffs' account." (Answer at 15, ¶ 16.) According to Defendants, however, Plaintiffs cut off Defendants' access to Plaintiffs' accounts "before the net amount of the Duplicative Charges could be debited from Plaintiffs' account and given back to Merrick." (Answer at 15, ¶ 17.) In other words, Defendants claim that Plaintiffs remained in possession of the duplicative sales charges and Defendants had to issue refunds to

customers for the charges without being made whole by Plaintiffs. (Answer at 15, ¶ 17.)

Based upon these facts, Defendants assert three counterclaims sounding in breach of contract and unjust enrichment. (Answer at ¶¶ 19-38.) The Movants' motion solely concerns Defendants' second counterclaim, styled "Breach of Contract as against Guarantors" (the "Second Counterclaim"). (Answer ¶¶ 24-33.) Defendants assert in their Second Counterclaim that all the Movants signed documents personally guaranteeing Plaintiffs' performance of the Merchant Agreements and that the Movants "breached their guarantee obligations" by not reimbursing Defendants for monies Defendants claim is still owed to them. (Answer ¶¶ 25-31.)

The Movants now assert in their motion to dismiss that Defendants' Second Counterclaim should be dismissed because Defendants did not properly bring the Movants into this case pursuant to either Federal Rule of Civil Procedure 14 or 20. (Pls.' Br., Docket Entry 109, at 8-9.) Movant Sandra Kueck also claims that she was not properly served with the Answer, and seeks to be dismissed from the case on that basis. (See Pl.'s Br. at 10-11.)

DISCUSSION

I. Joinder of Crossclaim Defendants

The Movants first assert that Defendants improperly commenced this case against them by filing an Answer that does not comply with either Rule 14 or Rule 20 of the Federal Rules of Civil Procedure.

A. Rule 14

Federal Rule of Civil procedure 14(a), which governs third-party impleader, provides that that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." FED. R. CIV. P. 14(a)(1) (emphasis added). Thus, for Defendants to properly assert a third-party claim against the Movants, they must be "attempt[ing] to transfer to the third-party defendant[s] liability that may be imposed upon [them] in the main action." Broad. Music, Inc. v. Hearst/ABC Viacom Entm't Servs., 746 F. Supp. 320, 330–31 (S.D.N.Y. 1990) (internal quotation marks and citation omitted). But it is clear that Defendants are not attempting to transfer any of their potential liability in the main action to the Movants by asserting a counterclaim against the Movants. Rather, Defendants separately allege that Plaintiffs withheld funds owed to them under the Merchant Agreement and that the Movants guaranteed payment of those funds. Since Defendants are not claiming that the Movants are liable for any part of

Plaintiffs' claims against Defendants, Rule 14 was not the proper vehicle to bring the Movants into the case. The Movants objections with respect to Defendants' failure to comply with Rule 14 are thus inapplicable

    B.  <u>Rule 20</u>

Defendants maintain that their Second Counterclaim was compulsory, and thus Defendants properly brought the Movants into the case pursuant to Rules 13 and 20. Rule 13(h) provides that "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim." FED. R. CIV. P. 13. And pursuant to Rule 20, the joinder of defendants is permissible if: (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2)(A)&(B).

Plaintiffs take issue with the fact that Defendants did not ask permission before seeking to join the movants. (Pl.'s Br. at 7.) Although "the general practice is to obtain a court order to join an additional party," permission from the Court is not explicitly required by Rule 13(h). 6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1434 (3d ed. 2010). In practice, courts routinely allow parties to be joined without a court order, unless

legitimate objections are raised regarding the proposed defendants. See, e.g., Aleynikov v. Goldman Sachs Grp., Inc., No. 12-CV-5994, 2013 WL 5816941, at *11 (D.N.J. Oct. 29, 2013) (finding that the revised Rule 13(h) does not require leave of the court to join a party); Raytheon Aircraft Credit Corp. v. Pal Air Int'l, Inc., 923 F. Supp. 1408, 1413-14 (D. Kan. 1996) (treating a "cross-claim" asserted against non-parties in an Answer as a "third party petition" under Rule 14(a)); Killington Hosp. Grp. I, LLC v. Federated Equities, LLC, No. 15-CV-0092, 2015 WL 5243900, at *4 (D. Vt. Sept. 8, 2015) (exercising the Court's discretion under Rule 21 and joining non-party). The Court therefore finds that Defendants were not required to file a motion seeking to join the Movants as counterclaim defendants prior to filing their Answer.

II. Improper Service of Process

The Movants next argue that the Court lacks subject matter jurisdiction over Movant Sandra Kueck ("Kueck") because she was not properly served with Defendants' Answer and counterclaims within 120 days of the date it was filed. (See Pls.' Br. at 10; Kueck Reply Aff., Docket Entry 114-3.) Defendants do not deny that Kueck was only provided with a copy of a Summons and not Defendants' Answer. (Defs.' Opp. Br., Docket Entry 115, at 13-14.)

"Federal Rule of Civil Procedure 4(m) governs both (1) the dismissal of actions for untimely service of process and (2)

8

extensions of the time in which service may be effected." Zapata v. City of N.Y., 502 F.3d 192, 195 (2d Cir. 2007). Rule 4(m) states in relevant part that:

> [i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[1]

FED. R. CIV. P. 4(m). The parties do not dispute that service of only the Summons, and not the underlying Defendants' pleading, does not satisfy the requirements of Rule 4. However, Defendants argue, that good cause exists to grant an extension of Defendants' time to serve the Answer on Kueck because Defendants did not know "there was a deficiency in the papers served by the process server" until the Movants filed their motion to dismiss. (Defs.' Opp. Br. at 14.)

"Courts generally will find good cause only where the failure to effect timely service was the result of circumstances beyond [the party's] control, and was not the result of mere 'inadvertence, neglect, mistake or misplaced reliance.'" Micciche v. Kemper Nat'l Servs., 560 F. Supp. 2d 204, 209 (E.D.N.Y. 2008)

---

[1] This was the rule in effect when this lawsuit was filed on August 3, 2012. An amendment to Federal Rule of Civil Procedure 4(m) shortened the service period to 90 days, effective December 1, 2015. See, FED. R. CIV. P. 4(m).

9

(quoting Beauvoir v. U.S. Secret Serv., 234 F.R.D. 55, 56 (E.D.N.Y. 2006). Here, Defendants should have realized that their process server did not properly serve Kueck because the process server's own affidavit states that he served a Summons, but the affidavit does not mention the Answer. (See, Summons, Docket Entry 95.) Defendants' error was thus one of inadvertence, rather than legitimate circumstances beyond their control.

Nevertheless, the Court may extend the deadline to effect service in its discretion. Zapata, 502 F.3d at 195; Mares v. United States, 627 F. App'x 21, 23-24 (2d Cir. 2015) ("a district court has wide latitude in deciding when to grant extensions absent good cause"). Although the Second Circuit has not identified definitive factors to consider in determining whether to enlarge the deadline for service of process, Courts have looked to the following considerations: "'(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant [ ] attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.'" Carroll v. Certified Moving & Storage, Co., LLC, No. 04-CV-4446, 2005 WL 1711184, at *2 (E.D.N.Y. July 19, 2005) (quoting E. Refractories Co. v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 506 (S.D.N.Y. 1999). Applying these factors,

the Court finds that Defendants time to serve Kueck with process should be extended. Although, the applicable statute of limitations has not yet expired, Kueck admits that she received a copy of the Answer on October 17, 2015. (Kueck Reply Aff., ¶ 3(a).) Moreover, Kueck does not claim she suffered any prejudice because of Defendants' deficient service. (Pls.' Br. at 10-12.) Therefore, Defendants are granted an additional ninety (90) days from the date of this Memorandum & Order to attempt to serve Kueck.

CONCLUSION

For the foregoing reasons, the Movants' motion to dismiss (Docket Entry 109) is DENIED. Defendants are granted an additional ninety (90) days from the date of this Memorandum & Order to attempt to serve Sandra Kueck with process.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August  24 , 2016
       Central Islip, New York