```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
GUNDERSON AMAZING FIREWORKS, LLC,

                    Plaintiff,

          -against-                              MEMORANDUM & ORDER
                                                 12-CV-3869(JS)(AKT)
MERRICK BANK, MERRICK BANK
MERCHANT SERVICES DIVISION,
CARDWORKS, L.P., and PINNACLE
PROCESSING GROUP, INC.,

                    Defendants.
----------------------------------------X
FIREWORKS UNLIMITED, LLC,

                    Plaintiff,

          -against-                              12-CV-3871
                                                 (Member case)
MERRICK BANK, MERRICK BANK
MERCHANT SERVICES DIVISION,
CARDWORKS, L.P., and PINNACLE
PROCESSING GROUP, INC.,

                    Defendants.
----------------------------------------X
KENACO SALES, LLC,

                    Plaintiff,

          -against-                              12-CV-3872
                                                 (Member case)
MERRICK BANK, MERRICK BANK
MERCHANT SERVICES DIVISION,
CARDWORKS, L.P., and PINNACLE
PROCESSING GROUP, INC.,

                    Defendants.
----------------------------------------X
```

```
-----------------------------------------X
FIREWORKS CENTER 25, LLC,

                        Plaintiff,

        -against-                          12-CV-3873
                                           (Member case)
MERRICK BANK, MERRICK BANK
MERCHANT SERVICES DIVISION,
CARDWORKS, L.P., and PINNACLE
PROCESSING GROUP, INC.,

                        Defendants.
-----------------------------------------X
LADY LUCKS WHOLESALE & RETAIL
FIREWORKS, LLC,

                        Plaintiff,

        -against-                          12-CV-4019
                                           (Member case)
MERRICK BANK, MERRICK BANK
MERCHANT SERVICES DIVISION,
CARDWORKS, L.P., and PINNACLE
PROCESSING GROUP, INC.,

                        Defendants.
-----------------------------------------X
```

APPEARANCES

For Plaintiffs:      Courtney K. Davy, Esq.
                     Law Office of Courtney Davy LLP
                     305 Broadway, Suite 1400
                     New York, NY 10007

For Defendants:
Merrick Bank
Corporation,
Merrick Bank
Merchant Services
Division and
Cardworks, L.P.      Dirk O. Julander, Esq.
                     Julander, Brown & Bollard
                     9110 Irvine Center Drive
                     Irvine, CA 92618

Jesse Strauss, Esq.
                    Strauss Law PLLC
                    305 Broadway, 9th Floor
                    New York, NY 10007

For Pinnacle
Processing
Group, Inc.          No appearance

SEYBERT, District Judge:

Plaintiffs Gunderson Amazing Fireworks, LLC, Fireworks Unlimited, LLC, Kenaco Sales, LLC, Fireworks Center 25, LLC and Lady Lucks Wholesale & Retail, Fireworks LLC (collectively "Plaintiffs") commenced this action against Defendants Merrick Bank Corporation, Merrick Bank Merchant Services Division, Cardworks, L.P., and Pinnacle Processing Group, Inc. (collectively "Defendants") alleging that Defendants violated certain merchant agreements between the parties (the "Merchant Agreements"). (See generally Sec. Am. Compl., Docket Entry 82.) Currently pending before the Court is Plaintiffs' motion to join Jetpay Merchant Services, LLC ("Jetpay") as a party to this action (Pls.' Mot., Docket Entries 157, 158).[1] For the following reasons, Plaintiffs' motion is DENIED.

---

[1] Plaintiffs filed their motion as two separate docket entries.

BACKGROUND

I. <u>Factual Background</u>

Plaintiffs are "retailer[s] and/or wholesaler[s] of consumer fireworks." (Consol. Sec. Am. Compl. ¶ 13.) In 2010, Plaintiffs entered into the Merchant Agreements with Defendants and their agents, pursuant to which Defendants agreed to authorize and process Plaintiffs' credit card transactions. (Consol. Sec. Am. Compl. ¶¶ 14-20.) In other words, when a customer purchased fireworks from one of the Plaintiffs, Defendants would process the payment and after deducting processing fees, deposit the balance in Plaintiffs' accounts. (Consol. Sec. Am. Compl. ¶ 22.) Plaintiffs allege that after Jetpay began performing processing services on Defendants' behalf in March 2012, they began receiving complaints from customers about duplicate and unauthorized charges to their credit cards. (Consol. Sec. Am. Compl. ¶¶ 23-24.) Plaintiffs claim that the pattern of unauthorized charges constitutes a material breach of the Merchant Agreements and that they "suffered substantial losses, injuries and continual disruptions to their various business operations" as a result of Defendants' conduct. (Consol. Sec. Am. Compl. ¶¶ 25, 30.)

II. <u>Procedural History</u>

Plaintiffs Gunderson Amazing Fireworks, LLC, Fireworks Unlimited, LLC, Kenaco Sales, LLC and Fireworks Center 25, LLC filed Complaints against Defendants on August 3, 2012. (Compl.,

4

12-CV-3869, Docket Entry 1; Compl., 12-CV-3871, Docket Entry 1; Compl., 12-CV-3872, Docket Entry 1; Compl., 12-CV-3873, Docket Entry 1.) Plaintiff Lady Lucks Wholesale & Retail Fireworks filed its Complaint on August 13, 2012. (Compl., 12-CV-4019, Docket Entry 1.) Because the cases involved similar allegations, they were consolidated under Docket Number 12-CV-3869 on February 11, 2013. (Consolidation Order, Docket Entry 27.) After the Court granted Defendants' motion to dismiss and granted Plaintiffs leave to file a consolidated amended complaint, Defendants requested that the Court stay the case because Pinnacle Processing Group, Inc. ("Pinnacle") filed for bankruptcy. (Sept. 2013 Order, Docket Entry 65; Stay Mot., Docket Entry 66.) The Court granted the request, and the case was administratively closed on October 3, 2013. (Oct. 2013 Order, Docket Entry 67.)

On February 2, 2015, Plaintiffs advised the Court that Pinnacle's bankruptcy case was dismissed and requested that the case be re-opened. (Pls.' Mot. to Reopen, Docket Entry 68.) The Court granted the motion and directed Plaintiffs to file an Amended Complaint, which Plaintiffs filed on February 26, 2015. (Feb. 2015 Order, Docket Entry 69; Consol. Am. Compl., Docket Entry 70.)

On April 29, 2015, Magistrate Judge A. Kathleen Tomlinson so ordered a Stipulation on Consent for Plaintiffs to serve a consolidated second amended complaint, (Order, Docket Entry 81), which was filed on May 8, 2015. The Consolidated Second

Amended Complaint asserts five causes of action: (1) breach of agreement, (2) unfair business practice, (3) breach of fiduciary duty, (4) indemnification and (5) negligent performance under Washington law.[2] (See, generally, Consol. Sec. Am. Compl.) Defendants answered the Second Amended Complaint on May 28, 2015 and asserted counterclaims against Plaintiffs and Sandra K. Kueck, Kent Herzog, and Monty Kapchinsky, guarantors of the Merchant Agreements. (Answer, Docket Entry 85.) The parties proceeded with discovery.

Separately, in March 2015, Defendants' counsel withdrew as counsel for Pinnacle. (Minute Order, Docket Entry 76.) Plaintiffs subsequently filed a motion for a default judgment against Pinnacle, and the motion was denied without prejudice.[3] (Pls.' Default Mot., Docket Entry 98; March 2016 Order, Docket Entry 142.) Plaintiffs have not taken any further action against Pinnacle, and it remains unrepresented.

On June 10, 2016, Plaintiffs filed a motion to join Jetpay as a defendant. (See, Pls.' Mot.) On June 13, 2016,

---

[2] With the exception of Gunderson Amazing Fireworks' Merchant Agreement, the Merchant Agreements provide that any dispute is governed by Ohio law. Gunderson's Merchant Agreement provides that any disputes are governed by Washington law. (Sept. 2013 Order, at 3.) Plaintiffs allege that the Merchant Agreements contain a forum selection clause designating New York as the proper venue for any dispute. (Consol. Sec. Am. Compl. ¶ 12.)

[3] The Court's March 2016 Order also vacated the Certificate of Default against Pinnacle. (March 2016 Order.)

6

Defendants advised the Court that they did not oppose the motion. (Defs.' Resp., Docket Entry 159.) Discovery closed on June 27, 2016.[4] On September 16, 2016, while the motion to join Jetpay was pending, Plaintiffs filed a Stipulation of Voluntary Dismissal dismissing Defendants Merrick Bank, Merrick Bank Merchant Services Division, and Cardworks, L.P. from the case. (Stip., Docket Entry 162.)

III. Plaintiffs' Motion

Plaintiffs seek an order pursuant to Federal Rules of Civil Procedure 15(a)(2), 16(b) and 20(a)(2) to amend the Consolidated Second Amended Complaint to add Jetpay as a defendant.[5] (Not. of Mot., Docket Entry 158.) Plaintiffs acknowledge that discovery is in a "late stage" but contend that Jetpay is a "crucial and necessary party to this action" because Jetpay is the entity responsible for the unauthorized charges that harmed Plaintiffs. (Pls.' Br., Docket Entry 157, at 2, 5.)[6] They argue that there is no prejudice to Defendants since they are not

---

[4] The parties' deadline to complete discovery was June 27, 2016, and no further extensions were requested. (Apr. 2016 Order, Docket Entry 156.)

[5] Because Plaintiffs' motion does not seek relief under Federal Rule of Civil Procedure 19, the Court need not determine whether Jetpay is a required party.

[6] The Court will refer to the pagination assigned by the Electronic Case Filing System when citing to Plaintiffs' brief in support of their motion.

7

opposing the motion. (Pls.' Br. at 6.) Additionally, they argue that there is a valid explanation for the delay in making this application because the extent of Jetpay's involvement was not clear at the time the original Complaint was filed. (Pls.' Br. at 9.) However, Plaintiffs concede that they became aware of Jetpay's role during discovery and did seek joinder at that time. (Pls.' Br. at 7-9.) It was only after Plaintiffs retained new counsel that they sought joinder of Jetpay.[7] (Pls.' Br. at 9.) In that regard, Plaintiffs argue that they should not be penalized for former counsel's failure to join Jetpay. (Pls.' Br. at 14-15.) Plaintiffs also maintain that adding Jetpay would not delay resolution of the dispute in light of the fact that a trial date has not been set. (Pls.' Br. at 10-11.) Finally, Plaintiffs' argue that they have not shown any bad faith in pursuing the instant motion and that the proposed amendment would not be futile. (Pls.' Br. at 11-12.)

After Plaintiffs filed the Stipulation of Voluntary Dismissal, the Court ordered Plaintiffs to provide authority supporting their position that joinder is proper under these circumstances. (Elec. Order, Feb. 3, 2017.) On February 10, 2017,

---

[7] Plaintiffs were previously represented by Donald Creadore, Esq. On April 11, 2016, the Court granted Plaintiffs' request for a substitution of counsel, and thereafter, Plaintiffs have been represented by Courtney Davy, Esq. (April 11, 2016 Order, Docket Entry 145.)

8

Plaintiffs confirmed that they continue to seek joinder of Jetpay and argued that joinder is permissible because Pinnacle is still a party to the action. (Pls.' Feb. 2017 Ltr., Docket Entry 163.) Plaintiffs did not cite any specific authority supporting their position.

IV. <u>The Proposed (Consolidated) Third Amended Complaint[8]</u>

The Proposed (Consolidated) Third Amended Complaint ("PTAC") alleges that Jetpay experienced a series of financial difficulties and losses in 2012 which led the company to overcharge Plaintiffs' customers. (PTAC, Docket Entry 157-1, ¶¶ 18-23.) According to Plaintiffs, in early 2012, Jetpay began overcharging customers to increase its profits and stave off financial ruin. (PTAC ¶¶ 17, 23.) Plaintiffs allege that Jetpay's financial situation was so dire that it filed for bankruptcy in March 2012, after which Universal Business Payment Solutions ("Universal") offered to purchase Jetpay. (PTAC ¶¶ 21-22.) The date of the alleged sale of Jetpay to Universal was July 6, 2012. (PTAC ¶ 22.) Plaintiffs allege that in an effort to look more attractive to Universal, Jetpay fraudulently overcharged hundreds of customers

---

[8] The PTAC names Jetpay, LLC and Jetpay Merchant Services LLC in the caption but does not otherwise mention Jetpay LLC, including in the section titled "The Parties." (PTAC ¶¶ 1-9.) Additionally, Plaintiffs' Notice of Motion and Memorandum of Law only request that Jetpay Merchant Services LLC be joined as a defendant. Therefore, the Court declines to consider whether Jetpay, LLC should be joined as a defendant in this action.

over the July 4th holiday. (PTAC ¶¶ 23-24, 29.) Plaintiffs claim that the duplicative charges generated additional transaction fees that increased Jetpay's cash flow. (PTAC ¶¶ 24, 29.) Plaintiffs allege that they have suffered "financial losses, losses and interruptions in business, and los[s] [of] faith and respect of many of their regular customers." (PTAC ¶ 31.)

The specific claims asserted in the PTAC are difficult to discern. The PTAC makes no mention of the alleged breaches of the Merchant Agreements. Rather, it appears to assert a civil RICO claim. Under the section labeled "jurisdiction," the PTAC states, "Jurisdiction over the claims subject to this dispute arises under federal question 28 U.S.C. § 1331 in that the defendant has violated 18 U.S.C. § 1344, 18 U.S.C. § 1343 and 18 U.S.C. § 1964." (PTAC ¶ 10.) These statutes set forth the elements of bank and wire fraud and the civil remedies for violations of the civil RICO statute. See 18 U.S.C. §§ 1343, 1344, 1964. However, the PTAC only contains headings for four causes of action: (1) unfair business practice, (2) fraud, (3) negligence, and (4) breach of fiduciary duty. (PTAC ¶¶ 32-46.) Because Plaintiffs have affirmatively pled that this dispute arises out of violations of the above-referenced federal statutes, the Court will construe the PTAC as asserting a civil RICO claim.

DISCUSSION

I.  Legal Standard[9]

Rule 20 of the Federal Rules of Civil Procedure provides that a party may be joined as a defendant in a pending action if (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). Federal Rule of Civil Procedure 21 is also instructive here. Rule 21 allows the court to add or drop a party "at any time[ ] on just terms." FED. R. CIV. P. 21. "Under Rule 21, courts must consider judicial economy and their ability to manage each particular case, as well as how the amendment would affect the use of judicial resources, the impact the amendment would have on the judicial system, and the impact it would have on each of the parties already named in the action." Davidowitz v. Patridge, No. 08-CV-6962, 2010 WL 1779279, at *4 (S.D.N.Y. Apr. 23, 2010). The "plaintiff bears the burden of demonstrating that joinder . . . is warranted." Romano v. Levitt, No. 14-CV-518A, 2017 WL 193502, at *2 (W.D.N.Y. Jan. 18, 2017).

---

[9] Because the Court did not specify a deadline for adding parties to this action, Federal Rule of Civil Procedure 16 is not controlling here.

11

Rule 15 allows a party to amend a pleading once as a matter of right within twenty-one days after serving the pleading or within twenty-one days of service of a responsive pleading or certain motions. FED. R. CIV. P. 15(a)(1). Otherwise, a party must either obtain the opposing party's written consent or seek permission from the court to amend the pleading. FED. R. CIV. P. 15(a)(2). Rule 15 further provides that "[t]he court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2).

The standards under these rules are broadly similar. The district court maintains considerable discretion to determine whether joinder or leave to amend should be granted. See United States ex rel. Ladas v. Exelis, Inc., 824 F.3d 16, 28 (2d Cir. 2016); Romano, 2017 WL 193502, at *2. "In deciding whether to permit joinder, courts apply the 'same standard of liberality afforded to motions to amend pleadings under Rule 15.'" Lawrence v. Starbucks Corp., No. 08-CV-3734, 2009 WL 4794247, at *2 (S.D.N.Y. Dec. 10, 2009) quoting Soler v. G&U, Inc., 86 F.R.D. 524, 528 (S.D.N.Y. 1980). Further, courts deny such motions based on the same factors--undue delay, futility, bad faith or prejudice to the non-moving party. See Lawrence, 2009 WL 4794247, at *2. Delay, on its own, is not sufficient to deny leave to amend; however, "the longer the period of unexplained delay, the less

12

will be required . . . in terms of a showing of prejudice." Davidowitz, 2010 WL 1779279, at *2.

II. Application

Procedurally, this case presents an interesting issue. As discussed, Plaintiffs have agreed to dismiss all but one defendant from the case and that defendant, Pinnacle, has not appeared. Nonetheless, Plaintiffs contend that joinder is permissible. (See Pls.' Feb. 2017 Ltr.) Plaintiffs have not cited any specific authority for their position, and the Court has been unable to find any controlling authority on point. However, assuming that Plaintiff is permitted to join a defendant under these circumstances, Plaintiffs have not established that joining Jetpay is proper under Rule 20.[10]

Initially, Plaintiffs have not shown that they have asserted a right to relief against Defendants and Jetpay "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." FED. R. CIV. P. 20(a)(2)(A). The PTAC focuses almost exclusively on Jetpay and alleges that Jetpay is at fault for the unauthorized charges. (See PTAC ¶¶ 14-31.) The PTAC also does not appear to assert any claim against Defendants and Jetpay

---

[10] Plaintiffs failed to address either of the requirements of Rule 20 in their brief.

13

jointly, severally, or in the alternative. In fact, the causes of action appear to be asserted only against Jetpay, and a heading in the PTAC states: "Causes of Action-Jetpay." (PTAC at 8.)

Additionally, Plaintiffs have not shown that "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2)(B). There cannot be any common questions of law or fact when, as here, the amended pleading appears to assert claims only against the proposed new party. Further, even if the Court overlooked the absence of any allegations against Defendants and construed the PTAC as continuing to assert unfair business practice, fraud, negligence, and breach of fiduciary duty claims against Defendants set forth in the Consolidated Second Amended Complaint, it would not change the result. Those claims involve questions of law and fact related to Defendants' obligations and duties under the Merchant Agreements, including whether the agreements were breached. See, e.g., Eugenia VI Venture Holdings, Ltd. v. Glaser, 370 F. App'x 197, 199 (2d Cir. 2010) ("To prove breach of fiduciary duty under New York law, a plaintiff must demonstrate: breach by a fiduciary of a duty owed to plaintiff; defendant's knowing participation in the breach; and damages.") (internal quotation marks and citation omitted). On the other hand, the civil RICO claim against Jetpay involves questions of law and fact regarding whether Jetpay engaged in a pattern of racketeering activity and participated in an

enterprise.  See, e.g., Hinterberger v. Catholic Health Sys., Inc., 536 F. App'x 14, 16 (2d Cir. 2013) ("In order to state a claim under civil RICO, a plaintiff must allege the existence of seven constituent elements: (1) that the defendant (2) through the commission of two or more acts (3) constituting a pattern (4) of racketeering activity (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an enterprise (7) the activities of which affect interstate or foreign commerce.") (internal quotation marks and citation omitted).  While Plaintiffs contend that they are only seeking to add Jetpay and "not . . . to add new allegations," the addition of the civil RICO claim substantially alters the nature of the case.  (Pls.' Br. at 10.) Accordingly, the Court finds that Plaintiffs have not established the requirements of Rule 20.

Even if the requirements of Rule 20 were satisfied, the Court has serious concerns about Plaintiffs' delay in bringing this motion and their motivations for pursuing joinder at this stage.  Plaintiffs have known that Jetpay was responsible for processing certain transactions on Defendants' behalf since at least January 2013.  (See Am. Compl, Docket Entry 26, ¶ 15 ("Upon information and belief, however, JetPay Merchant Services, LLC began to perform certain processing services for and on behalf of the Defendants in or about March 2012.").)  Nevertheless, Plaintiffs failed to seek leave to join Jetpay until June 2016--

15

more than three years later.  Moreover, Plaintiffs' explanation for the three-year delay is unconvincing.  See Khan v. McElroy, No. 13-CV-5043, 2014 WL 3945952, at *5 (S.D.N.Y. Aug. 7, 2014) ("'[I]t is incumbent upon the movant to offer a valid explanation for the delay.'") quoting Deere v. Goodyear Tire and Rubber Co., 175 F.R.D. 157, 166 (N.D.N.Y. 1997).  Plaintiffs argue that the delay is justified because "[i]t was only during discovery and [after] further investigation . . . that Plaintiffs' discovered the extent of Jetpay's involvement." (Pls.' Br. at 11.)  However, Plaintiffs knew of Jetpay's involvement before any discovery took place.  (See Am. Compl, ¶ 15.)  Further, Plaintiffs had several opportunities to pursue a claim against Jetpay, as they have amended their complaint twice since January 2013. (See, First Am. Compl., Docket Entry 70; Consol. Sec. Am. Compl.)  Instead, just seventeen days before the end of discovery and three months before Plaintiffs agreed to dismiss virtually all of the remaining Defendants from the case, Plaintiffs filed their joinder motion.

Plaintiffs concede that "old counsel chose not to include Jetpay as a . . . [d]efendant," and it was only after a substitution of counsel that Plaintiffs decided to move to join Jetpay. (Pls.' Br. at 8-9.)  However, Plaintiffs are bound by the decisions of their former attorney and cannot re-litigate this matter through a joinder motion.  See Link v. Wabash R.R. Co., 370 U.S. 626, 633-34, 82 S. Ct. 1386, 1390, 8 L. Ed. 2d 734 (1962)

16

("Petitioner voluntarily chose this attorney as his representative in this action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent . . . . [E]ach party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.") (internal quotation marks and citation omitted); see also Davidowitz, 2010 WL 1779279, at *4 (finding that prior counsel's failure to join an individual as a third-party defendant did not excuse delay).

While the Court cannot be sure of Plaintiffs' intentions, it appears that Plaintiffs realized that their claims against Defendants were likely to fail and sought to transform this action at the eleventh-hour. Therefore, the motion is DENIED.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for joinder of Jetpay Merchant Services, LLC (Docket Entries 157, 158) is DENIED.

Should Plaintiffs wish to proceed against Pinnacle, they are directed to properly serve the Second Amended Complaint on Pinnacle and file proof of service within thirty (30) days of the date of this Memorandum and Order.[11] Should Plaintiffs fail to do

---

[11] The Court previously denied Plaintiffs' motion for a default judgment against Pinnacle because Pinnacle was not properly served with the Second Amended Complaint. (March 2016 Order, at 4-6.)

so, the claims against Pinnacle will be dismissed without prejudice, and the case will be closed. See FED. R. CIV. P. 4(m).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   March   30  , 2017
         Central Islip, New York